JUSTICE RICE
specially concurring.
¶69 I concur in the ultimate conclusions reached by the Court, and urged by the Respondents, that the loan practices of the Appellants violated the Montana Consumer Loan Act, and further, that the Act confers a private right of action to borrowers affected by those practices. However, I reach the conclusion that the Act was violated under a different rationale than offered by the Court, one which would require a different holding with regard to that issue.
¶70 I depart from the Court on the issue of “points,” that is, whether points are interest and can be lawfully charged under the Act. The Court concludes that “[cjharging the fee . . . which we have called points, violates the CLA despite Associates’ clever attempt to disguise such charge as interest.” See ¶ 59.1 respectfully disagree.
¶71 It should be remembered that this case was submitted to the District Court and to this Court on stipulated facts. It should also be emphasized that this case involves hundreds of different loans, which were not identically structured, or, in other words, are based on differing facts. The Court’s opinion subtly acknowledges the differences *305 in the subject loans, see ¶ 14 for example, but renders a decision which fails to account for differences in individual loans which well could affect the law’s application to those particular loans. It does so, unfortunately, by relying on testimony in the record which is outside of the stipulated facts and, thus, engages in improper factfinding that should be reserved for litigation upon remand. In order to reach its conclusion that points are not interest, the Court looks to, and adopts, the expert testimony offered by one of the parties. See ¶ 57. Again, such testimony is beyond the stipulation and beyond the District Court’s action herein.
¶72 The Court correctly notes that the parties’ stipulation does not include an agreement that points were interest. See ¶ 54. It fails to mention, however, that the District Court specifically found that points were interest (“[T]he Court finds that the loan fees constituted ‘interest’ as defined in § 31-1-104, MCA,” p. 15, Revised Findings of Fact, Conclusions of Law and Order on Summary Judgment). Consistent therewith, the parties effectively adopted this finding as part of their stipulation by agreeing before this Court in oral argument that points were interest. Nonetheless, the Court rejects, without appropriate justification in my view, both the District Court’s finding and the parties’ agreement.
¶73 I would affirm the District Court’s finding that points are interest. For purposes of brevity, I simply summarize my reasons for doing so. The statutory definition of interest in § 31-1-104, MCA, is very broad (“Interest is the compensation allowed by law or fixed by the parties for the use or forebearance or detention of money”). The points charged to the consumer were calculated as a percentage of the amount financed, and, as acknowledged by the parties at oral argument and by the Court, see ¶ 59, the points were separately disclosed to the consumer and then calculated with accruing interest for purposes of interest disclosure to the consumer under the Truth in Lending Act. Although the parties dispute the effect of the Department’s actions in regard to this issue, it is undisputed that the Department took no action and routinely acquiesced in this treatment of points. Finally, treatment of points as interest has been approved by courts considering the issue. See Layne v. Transamerica Fin. Services (Ariz. 1985), 707 P.2d 963, 966.
¶74 Thus, points being interest, it was permissible for Appellants to assess the points pursuant to § 32-5-301(1), MCA. That provision of the Act incorporates § 31-1-112, MCA, which also exempts Appellants from the “operation and effect” of all usury laws. This policy was further *306 clarified by the Legislature’s repeal of the ban on the compounding of interest in 1985. Therefore, the assessment of interest on the points, i.e., “compounding,” is likewise permitted. Indeed, this “loophole for predatory lenders” criticized by the Court does exist and is allowed by the law. See ¶ 60.
¶75 That is not the end of the matter, however, for two reasons. First, as mentioned above, not all of the subject loans are identically structured. Differing facts could well lead to a different conclusion about whether points are interest in individual cases. If, for example, the points were not included in interest disclosure documents, or were not calculated as a percentage of the amount financed, these facts could lead the trial court to conclude that the points were not interest, and therefore, prohibited by the Act under the Court’s reasoning in ¶ 60. On remand, loans which fall outside the facts on which this opinion is premised would be subject to further litigation.
¶76 Secondly, though the points assessed under the agreed facts are considered interest, Appellants nonetheless have violated the Act. The Act acknowledges only two kinds of loans, those being “add-on” and “interest-bearing.” “Add-on” loans are provided some definition pursuant to § 32-5-301, subsections (2) and (7), as loans which assess interest “at the time the loan is made” even if “the loan is payable in installments.” “Interest-bearing” loans are not defined by the Act, although it can be reasonably inferred that “interest-bearing” loans are those which bear or accrue interest over the life of the loan. What is clear, however, is that Appellants are charging interest both ways: adding-on interest up front, and also assessing interest over the life of the loan. Therefore, by charging points (interest) up front, Appellants are bound by the provisions of the Act which apply to “add-on” loans, including the necessity of refunding the appropriate portions of those assessments when the loan was paid off or otherwise re-financed. There is no other way in which to apply the Act to a consumer lender which engages in the practice of assessing up-front interest.
¶77 Therefore, I would reach the conclusion under Issue 3 that Appellants violated the Act by failing to so comply. I, thus, concur in the Court’s conclusions that the Act has been violated, and that Respondents have a private cause of action to remedy those violations.